**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20360-SCOLA**

**UNITED STATES OF AMERICA**

**v.**

**JAVIER LAZO CABRERA,**

     **Defendant.**

**NOTICE ON FINAL FORFEITURE AND PARTIAL SATISFACTION**
**OF FORFEITURE MONEY JUDGMENT**

     Pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby files this Notice on Final Forfeiture and gives notice of the partial satisfaction of the forfeiture money judgment enter against Defendant Javier Lazo Cabrera. In support, the United States submits the following:

     1.    On March 8, 2024, pursuant to 18 U.S.C. § 981(a)(1)(C), the Court entered a Preliminary Order of Forfeiture, ECF No. 91, forfeiting, subject to third-party interests, the following property to the United States (collectively, the "Property"):

          a)  approximately $540,923.83 in custody of the U.S. Marshals Service, which represents the proceeds of the sale of real property located at 3201 Southwest 148th Avenue, Miami, Florida 33185, that was purchased with fraud proceeds.

The Court also entered a forfeiture money judgment against the Defendant in the amount of $998,626.85. *See id*. at 5.

     2.    Notice of the criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days. *See* Decl. of Publication, ECF No. 98; 21 U.S.C.

§853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

3. Direct notice was sent to any person who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the Property, or such person was on actual notice of the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1).

4. The notice described the Property and advised that any person, other than the Defendant, asserting a legal interest in the Property may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier. Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

5. The time period for filing a petition claiming an interest in the Property has expired, and no petition or claim has been filed.

6. The Preliminary Order of Forfeiture stated that upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then the Preliminary Order of Forfeiture shall become a Final Order of Forfeiture and any duly authorized law enforcement official shall dispose of the Property in accordance with applicable law.

7. The Preliminary Order of Forfeiture also stated that after the final forfeiture of the $540,923.83, that money (or the sum finally forfeited) will be applied to the outstanding balance of the money judgment.

8. Accordingly, the Property is now finally forfeited, and all right, title, and interest in such Property is vested in the United States.

9. The United States hereby provides notice that the $540,923.83 has been applied to the Defendant's forfeiture money judgment, and there is currently approximately $457,703.02

outstanding on the Defendant's forfeiture money judgment.

                    Respectfully submitted,

                    **MARKENZY LAPOINTE**
                    **UNITED STATES ATTORNEY**

By:   *s/ Mitchell E. Hyman*
       Mitchell Evan Hyman
       Assistant United States Attorney
       Florida Bar No. 125405
       U.S. Attorney's Office
       99 N.E. 4th Street, 7th Floor
       Miami, FL 33132-2111
       Telephone: (305) 961-9283
       E-mail: Mitchell.Hyman@usdoj.gov